IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROLINE PAULA MORE,

    Plaintiff,
 v.

VERNON COUNTY,
SHERIFF'S DEPARTMENT OF VERNON
COUNTY,
VERNON MEMORIAL HEALTHCARE, INC.,
STATE OF WISCONSIN JUSTICE
DEPARTMENT, and STATE OF WISCONSIN,

    Defendants.

OPINION & ORDER

17-cv-686-jdp

---

  Pro se plaintiff Caroline Paula More contends that she was treated inhumanely by Vernon County sheriff deputies and the staff at Vernon Memorial Healthcare. She describes the case as one brought under 42 U.S.C. § 1983 for violations of her civil rights and for medical malpractice.

  I've allowed More to proceed *in forma pauperis*, Dtk. 3, so now I will screen her proposed complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). Because she is proceeding without an attorney, I will construe More's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I conclude that More's complaint fails to state a claim. I will give her an opportunity to amend her complaint to address the problems pointed out in this order.

ALLEGATIONS OF FACT

I draw the following facts from the allegations in More's complaint, Dkt. 1, and I accept them as true for the purposes of screening the complaint.

In September 2014, More was in a cafe in Readstown, Wisconsin. More alleges that she "interfaced" with two deputy sheriffs. *Id.*, at 1. She alleges "More immediately informed the 'lead' deputy that she experienced a type of illness that resulted in what is medically known as 'urgency' of one's colon. Then, the woman defecated." *Id*. at 2. More does not allege that she told the deputy sheriffs that she needed to go to the bathroom or that they prevented her from using it. Nor can I tell from the complaint whether the deputies had taken More into custody or whether she was asking them for help.

More was transferred to Vernon Memorial Healthcare in Viroqua, Wisconsin. She alleges that medical staff gave her Haldol, antipsychotic medicine, and drew her blood and diagnosed a urinary tract infection. More alleges that she still had excrement on her body, but medical staff did not clean her. They instead wrote in her medical records, "she stinks." *Id*. Medical staff also failed to check her medical records, which would have shown that More had a clostridium difficile intestinal infection, which was the cause of her intestinal infection.

More was eventually transferred to the Vernon County Jail. She alleges that she should have been placed in a segregation cell so that her infection would not be spread to other inmates. More also alleges that "agents of the Sheriff's department," which I take to mean jail staff, did not allow her to continue her medicine for her Vulvodynia, a condition that causes chronic pain in the genital area. *Id*. I take More to mean that she was on pain medicine before she arrived at the jail, but jail staff denied her pain medicine, and due to the abrupt

discontinuation of her medicine, she suffered adverse effects. But More does not actually allege that she ever told anyone at the jail that she had such pain or needed medicine for it.

More has named as defendants Vernon County, the Sheriff's Department of Vernon County, Vernon Memorial Healthcare, Inc., the State of Wisconsin Justice Department, and State of Wisconsin. More has not named any individual as a defendant.

ANALYSIS

I will deny More leave to proceed for several reasons.

More has named defendants who cannot be sued under § 1983. More may not proceed against State of Wisconsin or its Justice Department in a lawsuit of this type because a state and its agencies are not persons under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70–71 (1989)). As for Vernon County and its Sheriff's Department, More does not allege that she was wronged by actions taken pursuant to a county policy or custom, which is the only way a municipality or its agencies may be held liable under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). The claims against Vernon Memorial Healthcare, Inc., are based on the doctrine of *respondeat superior*, which means that More is trying to hold Vernon Memorial Healthcare responsible for the actions of its employees. But "[u]nder existing precedent, neither public nor private entities may be held vicariously liable under § 1983." *Collins v. Al-Shami*, 851 F.3d 727, 734 (7th Cir. 2017).

But even if More had named individual defendants, her allegations would not state a claim against any individuals. For any violation of her civil rights, she would have to explain what each individual did to violate her rights and cause her harm. More does not explain

whether she asked the deputy sheriffs to allow her to use the bathroom or how they prevented her from using it. She does not explain how she herself suffered any harm by jail officials' failure to segregate her from other inmates when *other* inmates were the ones who were exposed to clostridium difficile.

Her claims against staff at Vernon Memorial appear to be medical malpractice claims. To state such a claim she would have to identify a physician who provided care that failed to meet the required standard of care, and explain how that physician harmed her. *See Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. If she intends to bring a civil rights claim against staff at Vernon Memorial for deliberate indifference to her rights, she will also have to allege facts that the staff was providing services on behalf of Vernon County government, because § 1983 applies only to those who are acting under color of state law, not to purely private parties.

More's claim that jail staff deprived of her pain medicine warrants a bit more discussion. Causing unnecessary pain by denying pain medicine can violate the Eighth Amendment, *see Riley v. Kolitwenzew*, 526 F. App'x 653, 656 (7th Cir. 2013), so the denial of pain medicine would also violate the Fourteenth Amendment, a lower standard that applies to a pretrial detainee such as More, *see Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Still, a plaintiff must show that "the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Tobias v. Dart*, No. 11 C 5913, 2013 WL 2597587, at *6 (N.D. Ill. June 11, 2013) (applying *Arnett* to a pretrial detainee's claim). More does not allege that

she ever told anyone at the jail that she needed pain medicine or otherwise jail staff knew about her condition.

I will allow More an opportunity to amend her complaint to address the deficiencies identified in this opinion. But if her amended complaint fails to show that she is not entitled to proceed beyond screening, I will dismiss the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Caroline Paula More has three weeks from the date of this order to amend her complaint.

2. Plaintiff's failure to amend her complaint to cure the deficiencies identified in this order will result in dismissal.

Entered December 13, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge