IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROLINE MORE,

        Plaintiff,

v.

SHERIFF JOHN SPEARS, DEPARTMENT FOR VERNON COUNTY, WISCONSIN, DEPUTY BRADLEY STUBER, VERNON COUNTY SHERIFF'S DEPARTMENT, OFFICER WINCH, VILLAGE OF READSTOWN POLICE DEPARTMENT, WISCONSIN, DR. ANTHONY MACASAET, M.D., and VERNON MEMORIAL HEALTHCARE,

        Defendants.

OPINION & ORDER

17-cv-686-jdp

---

This is the third case that pro se plaintiff Caroline More has filed in this court about events arising out of an arrest and subsequent treatment at medical facilities. The first two cases related to events in April and May 2014. This case relates to events that occurred in September 2014.

Because More is proceeding *in forma pauperis* under 28 U.S.C. § 1915, her complaint is subject to screening to determine whether it states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). I will screen More's amended complaint (which More incorrectly identifies as her "second amended complaint") because that is the operative pleading. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (an amended complaint "wipes away prior pleadings" and "controls the case from that point forward").

Like the complaints More filed in her other others cases, the amended complaint in this case is not easy to follow. But the gist of it appears to be simple. More alleges that, at the time she was arrested, she had a "negative stench," possibly because "she had feces on her body."

More's claim seems to be that both law enforcement officers and medical staff should be held liable for failing to "ma[k]e an effort to give more toweling, or linens, a Kleenex, []or anything to rid [her] of a negative stench."

This allegation does not state a claim under federal law. More seems to believe that defendants violated her "constitutional rights," but she doesn't identify any that are implicated in this case and none are apparent. More does not allege that any of the defendants caused her predicament or that her health or safety was threatened. I am not aware of any federal law that would require law enforcement officers or anyone else to help an arrestee clean herself before transporting her to a medical facility. More cites the Americans with Disabilities Act, but there are no allegations in More's complaint suggesting that any defendant discriminated against her because of a disability.

More also says that defendants committed "medical practice" and violated Wis. Stat. § 51.45, but these are state laws. When there are no federal claims in a case, the general rule is that a federal court may not exercise jurisdiction over a state law claim unless the defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332.

In this case, More does not allege that she and defendants are citizens of different states and nothing in the complaint suggests that they are. *See also More v. St. Joseph The Workman Cathedral Parish,* No. 13-cv-846 (W.D. Wis. Jan. 9, 2015) (dismissing previous state law claims More filed for lack of jurisdiction because all parties were citizens of Wisconsin). Thus, I cannot exercise diversity jurisdiction under § 1332 and I will dismiss this case for lack of jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

The clerk of court is directed to enter judgment accordingly and close this case.

Entered July 11, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge